UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONNIE L. SMALLEY,

    Plaintiff,                                               Case No. 5:22-cv-00499

v.

RAPID AUTO LOANS, LLC,

    Defendant.
    _____/

## COMPLAINT

**NOW COMES** Ronnie L. Smalley ("Plaintiff"), by and through his undersigned attorneys complaining of Rapid Auto Loans, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

### JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, the

1

events or omissions giving rise to this cause of action occurred in the Middle District of Florida, and maintains significant business contacts in the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a specialized consumer finance company providing vehicle financing and third-party servicing throughout the State of Florida. Defendant's registered agent is located at 911 East Atlantic Blvd. Suite 101 Pompano Beach, Florida, and regularly conducts business with consumers in Florida, including Plaintiff. Defendant also uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers in the State of Florida.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around February 2021, Plaintiff purchased a new vehicle and obtained an auto loan through Rapid Auto Loans, LLC ("subject debt").

7. Sometime thereafter, Plaintiff suffered financial difficulty, leaving him unable to make timely payments on the subject debt.

8. Around May 2021, Defendant began placing collection calls to Plaintiff's cellular telephone number (352) XXX-1390, in an attempt to collect on the subject debt.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 1390.

10. Furthermore, Defendant began sending automated text messages to the Plaintiff's cellular phone reminding him that payment was past due and informing him of Defendant's intent to repossess the vehicle.

11. In or around May 10, 2021, Plaintiff answered a call from Defendant and demanded it cease calling his cellular phone.

12. Despite Plaintiff's request, Plaintiff has continued to receive constant harassing collection calls from Defendant.

13. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

15. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

16. Moreover, Plaintiff requested in May that Defendant cease the automated text messages to his cellular phone.

17. Despite Plaintiff's request, Plaintiff has continued to receive constant harassing automated text messages from Defendant attempting to collect for subject debt.

18. Frustrated that his request that the automated text messages and calls cease fell on deaf ears, Plaintiff asked Defendant why he was still being contacted. Defendant replied that they had no control over how Plaintiff was contacted because it was controlled by a computer.

19. Defendant has placed or caused to be placed numerous harassing phone calls and/or automated text messages to Plaintiff's cellular telephone from May 2021 through the present day, with calls taking place on back-to-back days, and multiple calls and/or texts in one day.

20. The phone numbers that Defendant most often uses to contact Plaintiff is (561) 600-5184, (305) 889-7492, (954) 960-3819, (305) 614-5074, (954) 960-3823, (754) 225-7576, (754) 225-7112, (407) 214-4488, (954) 960-3820, (954) 751-4800, (561) 486-9750, (305) 889-7492, and (352) 254-3313, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

21. Upon information and belief, Defendant placed its calls, as well as texts, to Plaintiff's cellular telephone using an automated telephone dialing system and telephone facsimile machine, both telephone dialing systems that are commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or Automated Telephone Dialing System ("ATDS") for transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

27. The TCPA defines TFM as "equipment which has the capacity...to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

*28.* Upon information and belief, Defendant used a TFM or ATDS.

29. Defendant violated the TCPA by sending numerous text messages to Plaintiff's cellular phone using a TFM or ATDS without his prior consent.

30. Any prior consent, if any, was revoked when Plaintiff spoke to Defendant's representative and told it to stop contacting him.

31. Moreover, Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

33. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

34. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

35. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between May 2021 and the present day, using an ATDS without his consent.

36. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

37. As pled above, Plaintiff was severely harmed by Defendant's collection texts and calls to his cellular phone.

38. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

39. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

40. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and

knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, RONNIE L. SMALLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Defendant is a "debt collector" as defined in FCCPA, Florida Statutes §559.55(7).

43. Plaintiff is a "debtor" and a "consumer" as defined in FCCPA, Florida Statutes §559.55(8).

44. Defendant violated Florida Statutes §559.72(7) by willfully communicating with Plaintiff with such frequency as to reasonably be expected to harass him. Defendant knew that Plaintiff was unable to make a payment toward the subject debt and that the calls were unwanted, but it continued to call him to attempt to harass him into paying the subject debt, with calls taking place on back to back days and multiple times in the same day.

**WHEREFORE**, Plaintiff, RONNIE L. SMALLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.    Award Plaintiff his actual damages in an amount to be determined at trial;

    b.    Award Plaintiff his statutory damages of up to $1,000.00 pursuant to Florida Statutes §559.77(2);

    c.    Award Plaintiff reasonable attorney's fees and costs pursuant to Florida Statutes §559.77(2); and

    d.    Award any other relief this Honorable Court deems equitable and just

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

45.    Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

46.    Defendant's persistent and unwanted autodialed phone calls to his cellular phone eliminated Plaintiff's right to be left alone.

47.    Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day was highly intrusive and invasive.

48.    All of the calls made to Plaintiff's cellular phone was made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

49.    The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

50.    Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission, including the perpetual anxiety he incurred due to Defendant's incessant phone calls.

51. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with his cellular phone.

52. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

53. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

54. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

55. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff, RONNIE L. SMALLEY, respectfully requests that this Arbitrator enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual damages;

    c. Award Plaintiff punitive damages;

    d. Award Plaintiff his reasonable attorney's fees & costs; and

    e. Enjoining Defendants from contacting Plaintiff.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme

9

and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe.

57. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions, threats and harassment carried out during the phone calls to Plaintiff's cellular phone.

58. Defendant knew that its relentless phone calls and threats would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

59. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

60. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any reasonable means.

61. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

62. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment.

63. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

64. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

65. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

66. As stated above, Plaintiff has suffered damages from Defendants' extreme and outrageous conduct.

**WHEREFORE,** Plaintiff, RONNIE L. SMALLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Enter judgment in his favor and against Defendant;

    b. Awarding Plaintiff actual damages;

    c. Awarding Plaintiff punitive damages;

    d. Awarding any other relief this Honorable Court deems equitable and just

Dated: October 31, 2022                         Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*