UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:23-cv-60157-JEM

RONNIE L. SMALLEY,

       Plaintiff,

vs.

RAPID AUTO LOANS, LLC,

       Defendant.

_____/

## DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (AS TO COUNTS III AND IV OF PLAINTIFF'S COMPLAINT)

Defendant, Rapid Auto Loans, LLC ("Rapid Auto"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(c), hereby moves for Judgment on the Pleadings with respect to Count III (Invasion of Privacy-Intrusion Upon Seclusion) and Count IV (Intentional Infliction of Emotional Distress) of the Plaintiff Ronnie L. Smalley's ("Smalley") Complaint, and in support thereof, the Defendant states as follows:

### I.  INTRODUCTION

Plaintiff, Ronnie L. Smalley ("Smalley"), seeks damages for alleged violations of the Telephone Consumer Protection Act, alleged violations of the Florida Consumer Collection Practices Act, alleged Invasion of Privacy-Intrusion Upon Seclusion (Count III), and alleged Intentional Infliction of Emotional Distress (Count IV).  This Motion is directed only at Counts III and IV of the Complaint at this time.[1]

---

[1] Defendant intends to seek summary judgment on all counts upon conclusion of the discovery phase on additional bases not set forth herein.

Specifically, Plaintiff's allegations for Invasion of Privacy-Intrusion Upon Seclusion and Intentional Infliction of Emotional Distress are insufficient to state a valid cause of action as plead by the Plaintiff.  Accordingly, Defendant is entitled to Judgment on the Pleadings as to Count III and Count IV of Plaintiff's Complaint for the reasons set forth herein, and in the incorporated memorandum of law below.

## II.   PROCEDURAL BACKGROUND

Smalley filed suit against Rapid Auto on October 31, 2022 alleging violations of the Telephone Consumer Protection Act, violations of the Florida Consumer Collection Practices Act, Invasion of Privacy-Intrusion Upon Seclusion, and Intentional Infliction of Emotional Distress. [D.E. 1].  Rapid Auto filed its Motion to Dismiss Complaint for Improper Venue, or alternatively, Motion to Transfer Venue, on November 18, 2022.  [D.E. 9].  On January 26, 2023, the court in the Middle District of Florida entered its Order transferring the action to the Southern District of Florida. [D.E. 16].  Defendant Rapid Auto filed an Answer and Affirmative Defenses on January 31, 2023.  [D.E. 20].  Defendant now moves for Judgment on the Pleadings as to the State law claims of Invasion of Privacy-Intrusion Upon Seclusion (Count III) and Intentional Infliction of Emotional Distress (Count IV).

## III.   ARGUMENT

### A. Legal Standard

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Riccard v. Prudential Ins. Co. of Am.,* 307 F. 3d 1277, 1291 (11th Cir. 2002), *quoting Cannon v. City of*

*West Palm Beach,* 250 F. 3d 1299, 1301 (11th Cir. 2001). The Court must first determine the facts, and then apply the law to those facts. *Horsley v. Feldt,* 304 F. 3d 1125, 1133 (11th Cir. 2002). Judgment on the pleadings is appropriate only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *Horsley v. Rivera,* 292 F.3d 695, 700 (11th Cir. 2002), *citing White v. Lemacks,* 183 F. 3d 1253, 1255 (11th Cir. 1999). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41 (1957) and stating that *Conley* did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). The Court need not accept unsupported conclusions of law or of mixed law and fact in the complaint. *Marsh v. Butler County, Ala.,* 268 F. 3d 1014, 1036 n.16 (11th Cir. 2001) (*en banc*).

Under the *Erie* doctrine, a federal court adjudicating state law claims applies the substantive law of the state. *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.,* 412 F. 3d 1224, 1227 (11th Cir. 2005) *citing Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). Thus, Florida Law applies substantively as to the state law claims in this case. In considering a motion for judgment on the pleadings, the Court may consider documents "which are central to plaintiffs claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment." *Day v. Taylor,* 400 F. 3d 1272, 1276 (11th Cir. 2005); *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F. 3d 1337, 1340 n. 3 (11th Cir. 2005).

For the reasons set forth herein, Defendant should be entitled to Judgment on the Pleadings as to Count III and IV of the Complaint.

**B. Defendant is entitled to Judgment on the Pleadings as to Count III for Invasion of Privacy-Intrusion Upon Seclusion**

Count III should be dismissed as a matter of law in that Plaintiff's allegations for Invasion of Privacy-Intrusion Upon Seclusion are insufficient to state a valid cause of action.

"This Court has previously acknowledged Prosser's paradigm of the four general categories of invasion of privacy." *Jews for Jesus, Inc. v. Rapp*, 33 Fla. L. Weekly S849, 2008 WL 4659374, *3 (Fla. 2008) (citations omitted). The four categories are "(1) appropriation – the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion – physically or electronically intruding into one's private quarters; (3) public disclosure of private facts – the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye – publication of facts which place a person in a false light even though the facts themselves may not be defamatory." *Allstate Ins. Co. v. Ginsberg*, 863 So.2d 156, 162 (Fla. 2003). The only category at issue here is the second: "intrusion – physically or electronically intruding into one's private quarters." *Id.*

In *Ginsberg*, the Florida Supreme Court held that allegations of unwelcome conduct such as touching in a sexual manner and sexually offensive comments did not state a cause of action for invasion of privacy based on seclusion. The *Ginsberg* analysis began with *Cason*, in which "this Court first recognized invasion of privacy as a distinct cause of action in Florida." *Ginsberg*, 863 So.2d at 160. In *Cason*, the Court held that "allegations that the book [by author Marjorie Kinnan Rawlings] published an intimate character sketch of the plaintiff could constitute a prima facie case of invasion of the plaintiff's right to privacy." *Id.* Describing

*Cason*, the *Ginsberg* Court stated: "Plainly, the focus of the tort was the holding up of information about a person for 'public gaze.'" *Id.*

Continuing its review of Florida's invasion of privacy law, *Ginsberg* affirmed the description of the "seclusion" category set forth in *Agency for Health Care Administration v. Associated Industries of Florida, Inc.*, 678 So.2d 1239, 1252 n.20 (Fla. 1996): "intrusion – physically or electronically intruding into one's private quarters." Importantly, the Court went on to clarify that the *Agency for Health Care Administration* description of the cause of action was not broad enough to include the unwelcome sexual conduct alleged by the plaintiff in *Ginsberg*, stating:

> The intrusion to which this refers is into a "place" in which there is a reasonable expectation of privacy and is not referring to a body part . . . *[T]his is a tort in which the focus is the right of a public person to be free from the public gaze.*

*Id.* at 162.

Here, Plaintiff's Complaint alleges that "Defendant's persistent and unwanted autodialed phone calls to his cellular phone eliminated Plaintiff's right to be left alone." [D.E. 1 at ¶ 46]. The only "intrusion" upon seclusion alleged in Plaintiff's Complaint is the transmission of unwanted phone calls. Clearly, such an "intrusion" does not set forth a cognizable cause of action for invasion of privacy under *Ginsberg*, because it does not expose the recipient of the phone calls to the "public gaze." Accordingly, under the longstanding privacy law of this state, the Plaintiff's allegations in this case do not state a cause of action for violation of a person's right of privacy.

Even if this Court were to follow the minority view set forth in *Ginsberg*, the Plaintiff's allegations in this case would still fail to state a seclusion-based invasion of privacy claim. An alleged unwanted phone call does not intrude upon "the most private parts of one's person;"

*Ginsberg*, 863 So.2d at 165 (Anstead, J., concurring and dissenting), nor does it threaten the recipient's "personal security;" *Id.*, any more than it subjects its recipient to the "public gaze." This holds especially true where, as is here, the Plaintiff concedes he had not paid monies owed to the Defendant.  The Defendant had a right to seek recovery of its funds from the Plaintiff, including by phone calls to the Plaintiff.

Moreover, even if a telephone call constitutes a physical or electronic intrusion for purposes of the Florida tort of invasion of privacy, the undisputed facts in this case do not rise to the level of outrageous and unacceptable conduct required by Florida law to support a cause of action for invasion of privacy. To constitute an invasion of privacy, the intrusion must be highly offensive to a reasonable person. *See Stoddard v. Wohlfahrt*, 573 So. 2d 1060, 1062-63 (Fla. 5th DCA 1991). "[I]n measuring the unacceptable conduct upon which a claim is made," causes of action for invasion of privacy "share certain similarities" with claims for intentional infliction of emotional distress. *Id.* at 1062. "The threshold test to be followed in assessing behavior claimed to constitute the 'intentional infliction of emotional distress,' is whether such behavior is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,'" *Id.* (quotation omitted). "[A]n evaluation of the claimed misconduct must be undertaken to determine, as objectively as is possible, whether it is 'atrocious, and utterly intolerable in a civilized community.'" *Id.* (quotation omitted). "That burden falls to the judiciary-it is a matter of law, not a question of fact." *Id.* (quotation omitted); *see also id.* at 1063 (holding trial court properly dismissed complaint which failed to allege conduct sufficiently outrageous to constitute intrusion); *Vance v. Southern Bell Tel & Tel Co.*, 983 F.2d 1573, 1575 n.7 (11th Cir. 1993) (under Florida law, whether conduct is sufficiently outrageous is a "legal question in the first instance for the court to decide as matter of law").

In *Shadlich v. Makers Nutrition LLC*, 8:20-CV-389-T-60CPT, 2020 WL 5255133 (M.D. Fla. Sept. 3, 2020), where the Plaintiff alleged that he received over ninety-eight (98) phone calls which "disrupted his privacy, depleted his cellular battery life, wasted data storage capacity, wasted his time, prevented him from using and enjoying his telephone for personal reasons, and caused the risk of personal injury due to distraction", the court found that the allegations were insufficient to state a claim for intrusion upon seclusion.

Likewise, in *Oppenheim v. I.C. Sys.*, 695 F. Supp. 2d 1303, 1308-10 (M.D. Fla. 2010), the court held that thirty-five (35) to forty (40) telephone calls to Oppenheim's residence over a period of approximately three months did not rise to the requisite level of offensiveness. The *Oppenheim* court relied principally upon two Florida state court cases in reaching this decision. In *Stoddard*, the plaintiff relied on a series of telephone calls to support his claim of invasion of privacy. 573 So. 2d at 1061-62. To determine whether the calls rose to the requisite level of unacceptable conduct, the *Stoddard* court relied on *Kent v. Harrison*, 467 So. 2d 1114, 1114-15 (Fla. 2d DCA 1985). *Kent* is an intentional infliction of emotional distress case "in which a defendant initiated and for several months continued a campaign of telephonic harassment in the aftermath of a verbal conflict." *Stoddard*, 573 So. 2d at 1062. The conduct in *Kent* was found to be insufficient to support the claim of intentional infliction of emotional distress:

> Thus, we harbor no doubt that the telephone calls received by Kent were offensive and impaired him, his tranquility, and the peacefulness of his home. We are no less persuaded that Harrison's conduct was intentionally designed and undertaken to distress and annoy Kent. In fulfilling the responsibility assigned to us in *Metropolitan Life Insurance Company v. McCarson*, 467 So. 2d 277 (Fla. 1985), however, we cannot conclude that such behavior was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." 467 So. 2d at 279. Moreover, Kent's state of vexation, irritation, and agitation cannot be the foundation for a finding that Harrison's behavior is within the range marked out in Metropolitan by the

standard of "atrocious and utterly intolerable in a civilized community." *Id.*

*Kent*, 467 So. 2d at 1115, quoted in *Stoddard*, 573 So. 2d at 1062-63.

Applying the "threshold test" adopted in *Stoddard*, the determination of whether Defendant's alleged telephone calls to Plaintiff were sufficiently offensive to support Plaintiff's claim of invasion of privacy depends on whether the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." 573 So. 2d at 1062-63. The *Oppenheim* Court concluded that it was not, since the thirty-five to forty telephone calls to Oppenheim's residence over a period of approximately three months were no more offensive than the "campaign of telephonic harassment" which lasted "for several months" in *Kent*. *Oppenheim v. I.C. Sys.*, 695 F. Supp. 2d 1303, 1308-10 (M.D. Fla. 2010) (*quoting Kent*, 467 So. 2d at 1114).

In this case, Plaintiff may have found Defendant's alleged calls to be annoying or bothersome, but even if it were true, "those calls did not rise to the requisite level of outrageous and unacceptable conduct contemplated by the tort of invasion of privacy based on intrusion." *Oppenheim*, 695 F. Supp. 2d at 1308-10. Accordingly, judgment on the pleadings in favor of Defendant Rapid Auto on Count III is appropriate.

## C. <u>Defendant is entitled to Judgment on the Pleadings as to Count IV for Intentional Infliction of Emotional Distress</u>

Count IV (Intentional Infliction of Emotional Distress) should be dismissed as a matter of law in that Plaintiff's allegations for intentional infliction of emotional distress are insufficient to state a valid cause of action.

To state a claim for intentional infliction of emotional distress, Plaintiff must establish conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Clemente v. Home*, 707 So. 2d 865, 867 (Fla. 3d DCA 1998); Restatement (Second) of Torts, § 46 cmt. d (1965); *Metropolitan Life Ins. Co. v. Mccarson*, 467 So. 2d 277, 278 (Fla. 1985) (adopting the Restatement (Second) of Torts standard).

Indeed, the standard is so high that Florida courts require the circumstances to prompt an average member of the community to suffer such "resentment against the actor to lead him to exclaim, 'Outrageous!'" *Clemente*, 707 So. 2d at 867; *Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994); *Hart v. U.S.*, 894 F.2d 1539, 1548 (11th Cir. 1990) (recognizing Florida's outrageous standard and citing *Mccarson*, 467 So. 2d at 278); *Byrd v. BT Foods, Inc.*, 948 So. 2d 921, 928 (Fla. 4th DCA 2007); *Clemente*, 707 So. 2d at 866 (holding that it is a <u>legal</u> <u>determination</u> whether the alleged extreme conduct rises to a level to support a claim of intentional infliction of emotional distress).

In this case, Plaintiff merely asserts the legal conclusion that Rapid Auto's conduct was "outrageous."  The facts, or lack thereof, contained in the Complaint fail to satisfy the burdensome threshold imposed under Florida law. *See Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1368 (M.D. Fla. 1999) (dismissing claim for intentional infliction of emotional distress against officers who allegedly used excessive force and who allegedly conducted an unlawful arrest, noting: "In light of the <u>incredibly</u> <u>high</u> <u>standard</u> [in Florida law], Plaintiffs have failed to establish the requirements in their Complaint that the Defendants ... intentionally inflicted emotional distress upon the Plaintiffs.").  Since the Complaint in this case fails to allege sufficient facts showing outrageous conduct, the intentional infliction of emotional distress claim fails as a matter of law.  Accordingly, judgment on the pleadings in favor of Defendant Rapid Auto on Count IV is appropriate. *See also Oppenheim*, 695 F. Supp. 2d at 1308-10 (holding that

9

thirty-five (35) to forty (40) telephone calls to Oppenheim's residence over a period of approximately three months did not rise to the requisite level of offensiveness); *Kent*, 467 So. 2d at 1114-15 (holding that it was insufficient to support a claim of intentional infliction of emotional distress where the defendant initiated and for several months continued a campaign of telephonic harassment).

## IV.   <u>CONCLUSION</u>

As stated above, Plaintiff's allegations are insufficient to state a valid cause of action, and thus judgment on the pleadings in favor of the Defendant on Counts III and IV is appropriate at this stage of the proceedings.

WHEREFORE, Defendant respectfully requests that this Court grant this motion in all respects, and enter Judgment on the Pleadings in favor of the Defendant as to Counts III and IV of the Complaint, and all other relief the Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that on February 1, 2023, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We further certify that we either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

**LAW OFFICES OF DOUGLAS J. JEFFREY, P.A.**
***Attorneys for Defendant, Rapid Auto Loans, LLC***
6625 Miami Lakes Drive East, Suite 365
Miami Lakes, Florida 33014
Telephone: (305) 828-4744
Facsimile:  (305) 828-4718
Email: dj@jeffreylawfirm.com

By:  Douglas J. Jeffrey, Esq.
      DOUGLAS J. JEFFREY
      Florida Bar No. 149527
      GAIL M. WALSH
      Florida Bar No. 1010154

**SERVICE LIST**
**Ronnie L. Smalley v. Rapid Auto Loans, LLC**
**Case No.: 0:23-cv-60157-JEM**
**Fort Lauderdale Division**

**Alexander J. Taylor, Esq.**
**Sulaiman Law Group, Ltd.**
2500 S Highland Ave., Suite 200
Lombard, IL 60148
Email: ataylor@sulaimanlaw.com
Telephone: (630) 575-8181
*Counsel for Plaintiff*